## Mathes *vs.* Jackson, Ex'r.

EVIDENCE that an executor, on being called on for payment of a note against his testator, admitted the demand to be due, and promised payment, is sufficient evidence of an exhibition of the demand, within the provisions of the statute requiring claims to be exhibited to the executor or administrator before a suit is commenced.

ASSUMPSIT upon a promissory note of the defendant's testator.

Upon the trial, in the common pleas, it appeared that the testator, who was the grandfather of the defendant, made the note in question ; and that within two years after the

defendant proved the will, as he was passing by the plaintiff's store, the plaintiff called him in, and remarked to him that as he, the defendant, had said nothing about that note of his grandfather's, he called him in to request payment ; that the defendant replied that he knew he had said nothing about it, but that it ought to be paid, and he meant to pay it ; and that, upon the plaintiff's saying that it ought to have been paid before, and that he should sue it, the defendant replied that he need not sue, he would get his pay no sooner, for he would pay as soon as he could.

No note was produced at the time, nor did the plaintiff say that the note was present ; but it was in evidence that the plaintiff had this note in his possession at that time, and no other note against the testator.

The defendant objected, that this evidence did not entitle the plaintiff to maintain this action, because it did not appear that the demand had ever been exhibited to him ; and a verdict was taken for the plaintiff, by consent, subject to further consideration upon the foregoing case.

*Christie*, for the plaintiff.

*J. Bartlett*, for the defendant.

*By the court.* PARKER, J. The statute enacting that no action shall ever be sustained against an executor or administrator, unless the demand was exhibited to the executor or administrator sued, was not intended to provide a mere form, and make the visible exhibition of the claim an essential requisite in a case where a demand being made upon the executor or administrator, and the nature of the claim being fully understood, its validity is admitted, and payment promised.

It appears here that the plaintiff duly demanded payment within two years from the original grant of administration to the executor ; and the defendant must have had full

knowledge of the demand claimed, for he admitted its existence, and promised to pay, but was not then able to do so. A presentation of the note after this would have been an idle ceremony.

The transaction may be considered equivalent to an exhibition of the demand, within the meaning of the statute, or as evidence from which a jury ought to find that the note had been presented to the defendant at some prior date, and in either view there must be

*Judgment on the verdict.*